UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
| | |
|---|---|
| In re: : | Chapter 11 Case No. |
| : | 10-11488 |
| Worthmore Renewable Solutions, LLC [1] : | |
|     301 St. Charles Avenue, Third Floor : | |
|     New Orleans, Louisiana  70130 : | |
|     Tax ID #: 20-5130336 : | |
| : | |
| Debtors : | |

---------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING ADEQUATE PROTECTION LIENS; (3) SCHEDULING AND APPROVING THE FORM AND METHOD OF NOTICE FOR A FINAL ORDER; AND (4) FOR RELATED RELIEF**

Considering the *Emergency Motion for Entry of an Order Pursuant to Sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001 for Interim and Final Orders: (1) Authorizing Use of Cash Collateral; (2) Granting Adequate Protection; (3) Scheduling and Approving the Form and Method of Notice for a Final Order; and (4) For Related Relief* (the "Motion")[2] [P-___] filed by the captioned debtors and debtors in possession (collectively referred to herein as the "Debtors"), the arguments of counsel at a hearing held on _____, 2010, the record and the pleadings filed, and for the reasons orally assigned in open court on _____, 2010,

---

[1] Winder Renewable Methane, LLC (10-11489) has requested that it be jointly administered with Worthmore Renewable Solutions, LLC (10-11488).

[2] Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed thereto in the Motion.

THE COURT HEREBY FINDS AS FOLLOWS:

A. On April 30, 2010 (the "Petition Date"), Debtors filed their voluntary petitions for relief under Chapter 11, Title 11, of the United States Code (the "Bankruptcy Code"), and each has continued as a debtor-in-possession thereafter.

B. Prior to the Petition Date, Debtors' Lender[3] made certain loans and advanced credit to the Debtors and Lender asserts a security interest in certain property of the Debtors (the "Collateral"), including the cash in bank accounts and the cash generated by the Debtors' operations ("Cash Collateral").

C. An immediate need exists for the Debtors to obtain funds and use the Collateral, including Cash Collateral, in order to assure the orderly administration of their estates. Without such funds, the Debtors will be unable to pay insurance, payroll, payroll expenses, rent, utility charges, general overhead and purchase necessary materials. Consequently, without such funds, the Debtors will be unable to operate their businesses, or reorganize their businesses.

D. As of the Petition Date, the Debtors are unable to obtain credit and will be unable to administer their estates and operate their respective businesses other than by obtaining relief pursuant to Section 363 of the Bankruptcy Code.

E. Notice of the requested relief was provided by the Debtors as set forth in the Motion. Given the nature of the relief sought, the Court concludes that sufficient and adequate notice of the requested relief has been given, and that no further notice of, or hearing on, the relief sought and the limited relief granted herein is necessary or required.

---

[3] As identified in the Debtors' Motion, ACF Winder LLC will assert a security interest and is referred to herein as "Lender".

F. Consideration of the Motion constitutes a "core-proceeding" as defined in 28 U.S.C. §§ 157(b)(2)(A), (B), (G), (K), (M) and (O). This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.

G. The limited relief granted in this Order to the Debtors is necessary, essential and appropriate for the continued survival and operation of the Debtors' businesses, absent which the Debtors' ability to maximize the value of their respective estates for the benefit of their creditors will be immediately and irreparably harmed to the detriment of their respective creditors and Debtors' underlying estates. The immediate entry of this Order, pursuant to Rule 4001(b) is necessary to avoid immediate and irreparable harm to the Debtors.

H. Good cause has been shown for the entry of this Order. Among other things, granting the limited relief set forth in this Order pending a final hearing on the Motion will minimize disruption of the Debtors' businesses and operations and permit the Debtors to meet payroll and other related expenses, and maximize value for the benefit of creditors. Thus, the Court concludes that permitting the Debtors to use Cash Collateral in accordance with the Budget and pursuant to the terms and conditions herein prescribed is vital to avoid immediate and irreparable harm to the Debtors' estates.

I. Good, adequate and sufficient cause has been shown to justify entry of this Order.

NOW, THEREFORE, UPON THE RECORD BEFORE THIS COURT WITH RESPECT TO THE MOTION IT IS HEREBY ORDERED THAT:

1. The Court hereby authorizes, the Debtors' use of the Collateral (including,

without limitation, Cash Collateral) during the period (the "Budget Period") beginning with the Petition Date and ending on the Termination Date (as defined in paragraph 10, *infra*) for the disbursements set forth in the budget, which is attached as Exhibit A hereto, as such budget may be modified from time to time by the Debtors with the prior written consent of the Lender (the "Budget"), and for no other purposes. The Debtors are and shall be authorized to use Cash Collateral exclusively for disbursements to the extent and in the amounts set forth in the Budget. The Debtors may use Cash Collateral in an amount equal to up to ten percent (10%) more than a particular corresponding "category" in the Budget, measured on a cumulative, weekly basis, provided that (a) Cash Collateral is available, and (b) the aggregate amount of the Budget is not exceeded by more than ten percent (10%). In the event that Lender, in its sole discretion, consents in writing to the use of Cash Collateral in a manner or amount which does not conform to the Budget (such use of Cash Collateral, a "Non-Conforming Use"), Debtors shall be authorized pursuant to this Order to expend Cash Collateral for such Non-Conforming Use without further Court approval and Lender is entitled to all of the protections specified in this Order for any such Non-Conforming Use.

2. In addition to Lender's security interests, liens, rights and other interests in and with respect to the Collateral, as adequate protection for and to secure an amount equal to the diminution, from and after the Petition Date, in the value of the Lender's interests in the Prepetition Collateral (but only to the extent such interests constitute valid, unavoidable liens and security interests as of the Petition Date), including without limitation any such diminution resulting from the use by the Debtors of the Cash Collateral, each Debtor hereby grants to its Lender:

(i) a security interest in and lien upon the Collateral and all United States Trustee's fees, pursuant to 28 U.S.C. § 1930 other of the now owned and hereafter-acquired real and personal property, assets and rights of the Debtor, of any kind or nature, wherever located, and the proceeds, products, rents, profits and offspring thereof, whether arising from Section 552(b) of the Bankruptcy Code or otherwise, excluding only causes of action arising under Title 11 of the United States Code (collectively, the "Post-Petition Collateral"), senior to any other security interests, liens or encumbrances, subject only to, in the following order of priority (a) valid, perfected and enforceable pre-petition liens which are senior to Lender's liens or security interests as of the Petition Date; (b) the payment of the ("United States Trustee's Fees"); (c) any unpaid allowed professional fees and disbursements incurred prior to Termination Date (as hereinafter defined) (x) by the Debtors in an aggregate amount not in excess of $50,000.00, and (y) by the official committee of unsecured creditors (the "Committee") and any other statutory committee, trustee, examiner or other representative appointed in the Chapter 11 Cases, in an aggregate amount not in excess of $25,000.00 ((x) and (y), collectively, the "Professional Carve Out"). The Professional Carve Out shall not be reduced by retainers for professional fees and disbursements that are unapplied as of the Termination Date.

(ii) administrative claims with priority over all other administrative claims in the Debtors' Cases, including all claims of the kind specified under Sections 503(b) of the Bankruptcy Code (subject only to the items referred to in paragraph 2(i)(b) and (c) above); provided that the Lender shall not seek disgorgement of any sums paid by the Debtors prior to the Termination Date pursuant to the Budget or a Non-Conforming Use approved by the Lender.

3. So long as a Termination Event or an event which with the giving of notice or lapse of time or both would constitute a Termination Event shall not have occurred, the Debtors shall be permitted to use Cash Collateral to pay the fees and expenses of legal, accounting and appraisal professionals retained by the Debtors. Notwithstanding the foregoing, prior to the payment of the professionals of the Debtors

(other than ordinary-course professionals), payment of their fees and expenses must be authorized by the Court consistent with Sections 330 and 331 of the Bankruptcy Code.

    4.    All security interests and liens granted pursuant to this Order in favor of Lender shall be valid, perfected, enforceable and effective as of the Petition Date without any further action by the Debtors or Lender and without the execution, filing or recordation of any financing statements, security agreements, vehicle lien applications or notices, mortgages or other documents. This Order (or a copy) shall be sufficient and conclusive evidence of the validity, priority, enforceability and effectiveness of the liens granted hereunder. Notwithstanding the foregoing, the Debtors are authorized and directed to execute and deliver to Lender such documents including, without limitation, mortgages, pledges and Uniform Commercial Code financing statements and to pay such costs and expenses as Lender shall reasonably require to be signed by the Debtors to evidence, create, perfect or file any and all other security interests, pledges, mortgages, liens or encumbrances retained or granted by the Debtors to Lender hereunder, including in the Post-Petition Collateral.

    5.    Each Debtor shall provide it's Lender who asserts an interest in Cash Collateral with (i) monthly reports of Debtor's operations no later than the 20th day of the following month, which monthly report shall contain the same information presented in the same format required by the U.S. Trustee for the Eastern District of Louisiana plus an accounting of all funds transferred to or expended on behalf of one or more other Debtor or affiliate by any Debtor; (ii) weekly detailed report of cash disbursements no later than noon Tuesday for the prior week; and (iii) any other financial information reasonably requested by the Lender to be provided within 5 days of receipt by Debtor or

its counsel of a written request for same. Items (i) – (iii) herein shall be certified as true and correct by an officer of the Debtor.

6. Lender shall, upon reasonable notice, have reasonable access during regular business hours to all locations where Debtor's records are stored to review such records concerning the operation of Debtor's business, the expenditure of funds generated from the operation of the Debtor's business, the accrual of expenses related thereto, the collection of receivables from Debtor's business and any and all records reasonably relating to the operation of Debtor's business and/or the Lender's Collateral. Lender shall have reasonable access to all locations where any of Debtor's assets are located for the physical inspection and appraisal of such assets during regular business hours upon reasonable advance notice to its Debtor and/or such other involved party. All such access shall be proceeded by reasonable notice to the Debtor of the request to inspect,

7. Each Debtor shall timely deposit its post-petition taxes (whether federal, state or local) with the appropriate taxing authority and timely file appropriate tax return.

8. Each Debtor shall timely pay its U.S. Trustee fees.

9. Each Debtor shall maintain insurance with respect to all of its Lender's Collateral for all the purposes and in the amounts maintained by such Debtor in accordance with the requirements of its loan documents with its Lender. Such insurance shall contain a standard mortgagee clause with its Lender named as loss payee.

10. The Debtors' use of Collateral (including without limitation Cash Collateral) shall expire (subject to any applicable notice requirements as set forth *infra*), on the earliest to occur of (each such occurrence being hereinafter referred to as a "Termination Event") (a) the dismissal of any of the Cases or the conversion of any of the

Cases to case(s) under Chapter 7 of the Bankruptcy Code; (b) the entry by the Court of an order granting relief from the automatic stay imposed by Section 362 of the Bankruptcy Code to any entities other than Lender with respect to acts against the Collateral (or collateral which other than by operation of Section 552(a) of the Bankruptcy Code would have constituted the Collateral) without Lender's consent; (c) the entry by the Court of an order or orders granting relief from the automatic stay imposed by Section 362 of the Bankruptcy Code to any entities other than Lender's with respect to acts against the Post-Petition Collateral (other than the collateral described in paragraph 9(c) of this Order) without Lender's consent; (d) the appointment of a trustee or examiner or any representative with expanded powers for any of the Debtors; (e) the occurrence of the effective date or consummation date of a plan of reorganization for the Debtors; (f) the failure of the Debtors to adhere to the Budget (either with respect to receipt or disbursements) in any material respect except with respect to a Non Conforming Use provided such Non Conforming Use is undertaken in accordance with the terms of this Order; and (g) midnight on _____, 2010, unless the Court orders otherwise on notice and hearing, or on the written agreement of the Debtors and the Lender.

11. The terms of this Order shall be valid and binding upon Debtors, all creditors of the Debtors and all other parties in interest from and after the execution of this Order by this Court. In the event this Court modifies any of the provisions of this Order following any further hearing, such modifications shall not affect the rights and priorities of Lender granted pursuant to this Order.

12. This Order constitutes an Interim Order pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure. A final hearing to consider the Motion and the

relief sought therein shall be held on _____, 2010 at _____ \_\_\_.m. The Debtors shall serve a copy of the Interim Order upon (i) the United States Trustee; (ii) Whitney National Bank, Attn: Sandra McClain Cuttera, Commercial Loans Operations, 228 St. Charles Avenue, New Orleans, Louisiana 70130; (iii) the 20 largest unsecured creditors on a consolidated basis; (iv) all parties who request notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; (v) the Louisiana Attorney General; (vi) the Internal Revenue Service; (vii) ACF Winder, LLC (Archer), through its counsel, Christine N. Schneider, Bryan Cave LLP, One Atlantic Center, 14th Floor, 1201 W. Peachtree Street, NW, Atlanta, Georgia 30309; (viii) Municipal Gas Authority of Georgia, 104 Town Park Drive, Kennesaw, Georgia 30144; (ix) Republic Services of Georgia, L P, Attn: General Manager, 967 Carl Bethlehem Road, Winder, Georgia 30680; (x) Robert Sales, Archer Capital Management, 570 Lexington Avenue, 40th Floor, New York, New York; (xi) all parties entitled to notice under Rule 2002(j) of the Federal Rules of Bankruptcy Procedure; and (xii) all parties who appeared or otherwise responded to the Motion or who filed a notice of appearance in these proceedings, within twenty-four (24) hours of the date hereof. Any objections to the relief sought in the Motion shall be filed and served upon counsel to the Debtors and the United States Trustee. Should no objections be timely filed by such date(s), this Order shall become a Final Order without further hearing.

13. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date immediately upon entry hereof.

New Orleans, Louisiana, this _____ day of April, 2010.

_____
**U.S. Bankruptcy Judge**

This order was prepared and is being submitted by:

Douglas S. Draper, LA Bar No. 5073
Leslie A. Collins, LA Bar No. 14891
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Phone: 504-299-3300
Fax: 504-299-3399
Attorneys for the Debtors